UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICENTE GUANCHEZ-VASQUEZ

        Petitioner,

v.                                    Case No. 2:26-cv-1269-JES-NPM

TODD BLANCHE, et al.,

        Respondents.

_____/

## OPINION AND ORDER

Petitioner Vicente Guanchez-Vasquez initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1).  At the Court's direction, the government filed a response to the petition arguing, among other things, that Guanchez-Vasquez's detention was lawful as he had not yet been detained in excess of 180 days when he filed his petition.  (Doc. 5 at 5-7).  On July 6, 2026, the Court directed the government to file supplemental briefing because Guanchez-Vasquez had been detained for 182 days by then.  (Doc. 12).

On July 10, 2026, the government informed the Court that "[d]espite multiple and repeated requests for evidence and declarations concerning the issue of substantial likelihood of removal in the reasonably foreseeable future, Immigration and Customs Enforcement officers have not provided any response. Accordingly, Federal Respondents are unopposed to Petitioner's

release from custody subject to appropriate conditions of supervision as determined by ICE." (Doc. 15 at 1).

Accordingly, for the reasons set forth in this Order, Guanchez-Vasquez's petition is granted.

## I.   Background

Guanchez-Vasquez is a native and citizen of Cuba who was ordered removed from the United States on July 30, 1992. (Doc. 5 at 2). On August 24, 2017, a renewed removal order became final and was not appealed. (Id.) At some point, Guanchez-Vasquez was released from immigration custody under an order of supervision, but he was re-detained on January 5, 2026. (Id.)

## II.   Discussion[1]

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).

In Zadvydas v. Davis, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued

---

[1] In their first response, Respondents also argued that the Court lacks jurisdiction to consider this petition. (Doc. 5 at 3). The Court rejected identical jurisdiction arguments in Omar Mauso Lasso v. South Florida Detention Facility, No. 2:26-cv-918-JES-NPM, 2026 WL 1251678 (M.D. Fla. May 7, 2026) and Jerez Castillo v. Noem, No. 2:26-cv-550-JES-DNF, 2026 WL 1145792 (M.D. Fla. Apr. 28, 2026). The Court's reasoning in those cases also applies here.

detention unreasonable and no longer authorized by statute." 533 U.S. 680, 700-01 (2001). So, "for the sake of uniform administration in the federal courts," Zadvydas established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. at 701. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.

Respondents agree that Guanchez-Vasquez has been in immigration custody for more than 180 days and that they are unable to show that his removal is likely to occur in the reasonably foreseeable future. (Doc. 15). Thus, he is entitled to release from detention, but he remains subject to the terms of an order of supervision. If Guanchez-Vasquez fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention. See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Guanchez-Vasquez to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

1.   Vicente Guanchez-Vasquez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2.   Respondents shall release Guanchez-Vasquez within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 13, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE